**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL WURM, an individual, and KRISTEN KENNEDY, an individual, | 3:16-cv-00244-HDM-WGC |
| Plaintiffs, | ORDER |
| vs. | |
| MARKEL INSURANCE COMPANY, a Virginia Corporation; MARKEL CORPORATION, a Virginia Corporation; MID-CENTURY INSURANCE COMPANY, a reciprocal or inter-insurance exchange; and ABC CORPORATIONS 1-30; and DOES 1-30, inclusive, | |
| Defendants. | |

Pending before the court is Defendant Markel Insurance Company's ("MIC") motion for judgment on the pleadings (ECF No. 39). Plaintiff Kristen Kennedy ("Kennedy") responded (ECF No. 47) and MIC replied (ECF No. 48).

Also pending before the court is MIC's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (ECF No. 49). Kennedy responded (ECF No. 52) and MIC replied (ECF No. 58).

**I. Background**

This action arises from an automobile accident that occurred on

July 11, 2013. (ECF No. 1-3 at ¶¶ 9-15). Plaintiff Michael Wurm ("Wurm") was driving a vehicle and Kennedy was his passenger when they were hit from behind by another vehicle. (*Id.* at ¶¶ 9, 15). At the time of the accident, the vehicle driven by Wurm was insured by MIC under a policy that provided $1,000,000 Under Insured Motorist ("UIM") coverage. (*Id.* at ¶ 19).

Wurm and Kennedy each carried their own personal automobile insurance policies. (*Id.* at ¶¶ 20-21). Wurm received $40,000 from the tortfeasor's insurance carrier. (*Id.* at ¶ 29). Kennedy received $50,000 from the tortfeasor's insurance carrier and $25,000 in UIM benefits from her insurer, State Farm. (*Id.* at ¶¶ 29, 32).

This action was initially filed by Wurm and Kennedy in the Second Judicial District Court for the State of Nevada against MIC and Farmers Insurance Exchange[1], Wurm's personal automobile insurance carrier. (ECF No. 1-3). Plaintiffs allege breach of contract, breach of the duty of good faith and fair dealing, statutory violations, and intentional infliction of emotional distress. This action was removed to this court on May 6, 2016. (ECF No. 1). On June 6, 2016, MIC filed a counterclaim against Wurm and Kennedy for declaratory relief. (ECF No. 11). On January 20, 2017, the court approved the stipulation to dismiss with prejudice: (1) Wurm's claims against MIC and Mid-Century Insurance Company and (2) MIC's counterclaims against Wurm. (ECF No. 33).

**II. Motion for Judgment on the Pleadings**

MIC now moves for judgment on the pleadings against Kennedy.

---

[1] On June 1, 2016, the court approved the stipulation to correct the case caption so that all references to Farmers Insurance Exchange are modified to Mid-Century Insurance Company. (ECF No. 10).

2

(ECF No. 39). Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial– a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Pleadings are closed when all pleadings required or permitted in federal actions by Rule 7(a) have been served and filed. *See Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005).

"A judgment on the pleadings is properly granted when, taking all allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *United States v. Teng Jiao Zhou*, 815 F.3d 639, 642 (9th Cir. 2016) (quoting *Fajardo v. Cty. of L.A.,* 179 F.3d 698, 699 (1999)). In ruling on a motion for judgment on the pleadings, the court accepts as true all well-pleaded factual allegations by the nonmoving party and construes the facts in the light most favorable to that party. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). Thus, the court must determine if, taking the alleged facts as true, and drawing all reasonable inferences in favor of plaintiff, whether the complaint plausibly states a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011) (stating the standard governing a Rule 12(c) motion is "functionally identical" to that governing a Rule 12(b)(6) motion).

MIC argues that Kennedy failed to satisfy certain conditions precedent to coverage, and as such cannot prevail on her claims for breach of contract and breach of the duty of good faith and fair dealing.

Kennedy first claims that MIC breached the contract. Kennedy

alleges the existence of a contract, that she "performed all of the conditions of the contract required to be performed on [her] part," and that MIC "breached the contract by failing to pay and unreasonably delaying payment of benefits due and owing, including the undisputed benefits, and by failing to promptly, fairly and equitably process and investigate [Kennedy's] claims." (ECF No. 1-3 at ¶¶ 45, 47). Kennedy has asserted sufficient facts to plead the breach of contract claim.

Kennedy also claims that MIC breached the duty of good faith and fair dealing. Kennedy alleges that her contract with MIC had an implied covenant of good faith and fair dealing, that MIC breached its duties by, among other reasons, adjusting her claim in violation of the Nevada Unfair Claims Practices Act, and failing to promptly settle and process her claim. (*Id.* at ¶¶ 50-51). Kennedy has asserted sufficient facts to plead the breach of the duty of good faith and fair dealing claim.

Accordingly, MIC is not entitled to judgment on the pleadings. MIC's motion for judgment on the pleadings (ECF No. 39) is denied without prejudice to renew as a motion for summary judgment at the close of discovery.

**III. Motion for Sanctions**

On June 26, 2017, MIC filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. (ECF No. 49). Rule 11 provides for the imposition of sanctions when a pleading is frivolous, legally unreasonable, or presented for an improper purpose. *See* Fed.R.Civ.P. 11(b). Sanctions under Rule 11 is "an extraordinary remedy" and "one to be exercised with extreme caution." *In re Keegan Mgmt. Co., Sec. Lit.*, 78 F.3d 431, 437 (9th Cir. 1996) (quoting *Operating Eng'rs Pension Trust v. A-C Company*, 859 F.2d 1336, 1345 (9th Cir. 1988).

4

"A court considering a motion pursuant to Rule 11 must do two things: (1) decide whether a Rule 11 violation has occurred, and (2) decide whether to impose sanctions." *Smith & Green Corp. v. Trustees of Const. Indus. & Laborers Health & Welfare Trust*, 244 F. Supp. 2d 1098, 1103 (D. Nev. 2003). When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective prospective, and (2) if the attorney has conducted a reasonable and competent inquire before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citations omitted). Sanctions imposed under this rule "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(4).

MIC argues that the complaint contains four misrepresentations, is legally baseless, and was filed for an improper purpose. Based on the pleadings and the current record the court cannot conclude that the complaint is legally or factually baseless from an objective prospective. Additionally, it appears that Kennedy's counsel conducted a reasonable and competent inquiry before signing the complaint. Therefore, the motion for sanctions (ECF No. 49) is denied.

**IV. Conclusion**

IT IS THEREFORE ORDERED that the motion for judgment on the pleadings (ECF No. 39) is **denied without prejudice** to renew as a motion for summary judgment at the close of discovery.

/ / /

/ / /

IT IS FURTHER ORDERED that the motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (ECF No. 49) is **denied**.

DATED: This 31st day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE